[No. 21466. Department One. January 17, 1929.]

BERNICE E. RICE, *Appellant*, v. WILLIAM H. RICE, *Respondent.*[2]

*Herbert C. Bryson*, for appellant.
*Earl W. Benson* and *Grant S. Bond*, for respondent.

MITCHELL, C. J.—The plaintiff Bernice E. Rice, brought this action for a divorce. It was resisted by the defendant. She was granted an interlocutory decree of divorce and awarded the custody of two minor children and a division of the property of the parties.

Both parties have appealed. On her appeal she claims that the amount of costs, alimony, and property set aside to her were inadequate and insufficient. On his appeal the contention is that the plaintiff failed to prove any cause for divorce. The cause found by the trial court was cruel treatment and personal indignities on the part of the defendant, rendering plaintiff's life burdensome. Rem. Comp. Stat., subd. 5, § 982.

During the pendency of the action, an allowance for costs was made for the wife, and an additional allowance in her favor was made in the interlocutory order, which, under the circumstances of the parties, manifest no unfairness on the part of the trial court, as we view the record.

Nor can we find anything unfair or inequitable in the division of the property, together with the alimony allowed. It was not as

[1]Reported in 273 Pac. 533.
[2]Reported in 273 Pac. 1118.

much as is needed, but all that fairly could be given, considering all of their property rights and his earning power.

For the purpose of the husband's appeal, as well as the wife's appeal, we have carefully examined all of the testimony as it appears in the statement of facts. The parties were married in November, 1905, since which time they have had considerable trouble, which seems to have increased until they will not and cannot longer live together.

It would be unprofitable to attempt to describe the troublous scenes and incidents of their married lives. He insists that certain conduct on her part, for a while within the last few years, was reasonably provocative of the conduct and treatment she charges against him. To a large extent that may be admitted, but the record shows that they cohabited thereafter, during which time, and frequently prior thereto, his conduct towards her was continuously cruel and indignant beyond any reasonable justification.

Upon the whole record, we agree with the findings and interlocutory decree made and entered by the trial court.

The judgment in all respects is affirmed. Neither party will recover costs in this court.

FULLERTON, TOLMAN, and BEALS, JJ., concur.